# EXHIBIT 1

## STATE OF MICHIGAN
## IN THE OAKLAND COUNTY CIRCUIT COURT

ROBERT D. PETHERBRIDGE,

     Plaintiff

-vs-                            CASE NO.10-___

CITIFINANCIAL MORTGAGE
COMPANY INC., MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, ORLANS & ASSOCIATES

     Defendant

                                             /

JOHN R. SCHULTE, P66357
Attorneys for Plaintiff
UAW-GM Legal Services Plan
91 N. Saginaw, Suite 204
Pontiac, Michigan 48342
(248) 858-5850
                                           /

OAKLAND COUNTY  10-112328-CH

JUDGE RAE LEE CHABOT
PETHERBRIDGE, v CITIFINANCIAL

    There is no other pending or resolved civil action arising out of the transaction or

occurrence alleged in the complaint.

## VERIFIED COMPLAINT AND
## EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

    The Verified Complaint of ROBERT D. PETHERBRIDGE by his attorneys,

UAW-GM Legal Services Plan, is as follows:

    1.    This court has jurisdiction of this case, which seeks equitable and

declaratory relief.

    2.    The subject matter of this dispute is a parcel of real property located

within Independence Township, Oakland County, Michigan.

## PARTIES

3.    Plaintiff is an individual residing in Clarkston, Michigan in the County of Oakland.

4.    Defendant CITIFINANCIAL MORTGAGE COMPANY, INC. ["Citi"] is a New York corporation which does business within the jurisdiction of this Court.

5.    Defendant MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS ["MERS"] is a corporation that maintains a registry of mortgages and often acts as a "nominee" of lenders or servicers in the home loan industry.  On information and belief, MERS might claim some rights or responsibilities regarding the mortgage at issue in this matter.

6.    Defendant ORLANS & ASSOCIATES, P.C. ["Orlans"] is a Michigan-based Professional Corporation and law firm with its main place of business in the City of Troy, Oakland County, Michigan.

## FACTS

7.    In May, 1969, Plaintiff and his wife moved into their home at 5219 Bronco Drive, Clarkston, Michigan.

8.    Plaintiff and his wife paid off their home loan on or about August 15, 1974.

9.    For more than thirty years, Plaintiff and his wife have owned their home without any mortgage or lien.

10.    This case arises from a fraudulent mortgage and Note allegedly entered by Plaintiff's wife, Theresa M. Petherbridge, on August 8, 2005 and recorded by Defendant September 14, 2005 in Liber 36253, Page 669 Oakland County Records, Michigan.

11.     A copy of the purported Mortgage is attached as Exhibit A.  The original is believed to be in the possession of Defendants.

12.     A poorly executed forgery of ROBERT D. PETHERBRIDGE's signature was placed on the Mortgage and the Note.

13.     The fraud and forgery were perpetrated with the assistance of Defendants' agents, officers, and employees.

14.     Plaintiff never agreed to the fraudulent mortgage but his signature was forged by his wife or an agent or employee of Defendants.

15.     The forged signature was falsely "notarized" by an agent or employee of Defendants.

16.     Plaintiff has notified Defendants CITI and ORLANS that the mortgage in questions is fraudulent and that he did not sign the mortgage or the note.

17.     ORLANS has been notified that Plaintiff is represented by attorneys, but the law firm has failed or refused to respond to communications by Plaintiff's Attorneys and the firm continues to send communications directly to Plaintiff rather than to Plaintiff's Attorneys.

18.     ORLANS ASSOCIATES regularly attempts to collect consumer debts alleged to be due another; and ORLANS ASSOCIATES regularly attempts to collect consumer debts alleged to be due another.

19.     This matter involves a consumer financing transaction that resulted in a mortgage against Plaintiffs' home.

20.     ORLANS is a debt collector for purposes of the Fair Debt Collection Practices Act.

3

21.     On information and belief, Defendant MERS will claim an interest in the mortgage at issue, as a nominee, assignee, successor, trustee, or agent of the actual owner of the mortgage.

22.     Plaintiff has a cause of action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 USC 1692 et. seq., ("FDCPA") and the Michigan Collection Practices Act, MCLA 339.901 et seq., ("MCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

23.     Defendants CITI and ORLANS recently notified Plaintiff that they will conduct a foreclosure sale or Sheriff's Sale on the above referenced mortgage on August 10, 2010 at 10:00a.m.

24.     Defendants claim that Plaintiff owes more than three hundred thousand dollars from the fraudulent/forged Mortgage and Note, but ROBERT D. PETHERBRIDGE has never received any funds or any benefit from Defendants.

25.     Defendant CITI is either the owner of the mortgage; or of an interest in the mortgage; or the servicing agent of the mortgage.

26.     All monthly loan statements, and other notices regarding the mortgage and Note were mailed to Plaintiff's wife at her private P.O. Box, or to another address.

27.     Plaintiff never received any notice of the loan, until late 2009.

28.     Plaintiff never received any loan proceeds or any other benefit from the mortgage/note which was secretly obtained by his wife.

29.     Plaintiff never ratified or assumed the Mortgage or Note by making payments, or otherwise.

4

## COUNT I
## TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

30.     Plaintiff realleges and incorporates by reference all the above paragraphs.

31.     On information and belief, Defendants plan to hold a Sheriff's Sale or foreclosure sale of Plaintiff's home on August 10, 2010 at 10:00 am in Pontiac, Michigan.

32.     The Plaintiff seeks an injunction to stop and/or set aside the Sheriff's Sale, which Plaintiff believes is presently set for August 10, 2010, because the mortgage was fraudulent and the signature of ROBERT D. PETHERBRIDGE on that mortgage is a forgery.

33.     The purported Mortgage and Note were obtained by Defendant CITI through fraud and forgery. **[See Attached Brief and Supporting Exhibits]**

34.     A Temporary Restraining Order or Preliminary Injunction is warranted because Plaintiff has no adequate remedy at law, for the reasons set forth above, and Plaintiff will suffer irreparable injury, unless the foreclosure is halted until the Court can address Plaintiff's claim that the mortgage at issue was obtained by Defendant's through fraud and forgery.

## COUNT II
## INJUNCTION

35.     Plaintiff realleges and incorporates by reference all the above paragraphs.

36.     It is the knowledge and belief of the Plaintiff that a Sheriff's Sale is set to occurred on August 10, 2010.

37.     The Defendants seek to foreclose based on a mortgage that was obtained by Defendants through fraud and forgery.

5

38.   Plaintiff has never borrowed from Defendants or given to Defendants any interest in his home.

39.   An Injunction is warranted because Plaintiff has no adequate remedy at law, for the reasons set forth above, and Plaintiff will suffer irreparable injury, unless the foreclosure is halted until the Court can address Plaintiff's claim that the mortgage at issue was obtained by Defendant's through fraud and forgery.

## COUNT III
## SLANDER OF TITLE

40.   Plaintiff realleges and incorporates by reference all the above paragraphs.

41.   Plaintiff is the owner of the premises along with his wife, as tenants in the entireties.

42.   Plaintiff has not assigned any portion of his interest in the premises to Defendants or any other party, since Plaintiff paid off his mortgage on or about August 15, 1974.

43.   Defendants' claim of title against Plaintiff is false and based of forgery.

44.   Defendants knew or had reason to know that the mortgage at issue was obtained through fraud and forgery.

45.   Defendants' false claim of an interest in Plaintiff's home has caused damages to Plaintiff; or is anticipated to cause harm to Plaintiff if the false claim is left unchecked.

## COUNT IV
## QUIET TITLE

46.     Plaintiff realleges and incorporates by reference all the above paragraphs.

47.     Plaintiff holds the property along with his wife, as a tenancy in the entireties.

48.     Plaintiff paid off the original mortgage on the home on or about August 15, 1974.

49.     Plaintiff has never entered another mortgage or home loan agreement.

50.     The Defendants, through fraud and forgery, have recorded a Mortgage and Note purportedly secured by Plaintiff's home, but Plaintiff never signed the Mortgage or Note.

51.     Defendants have no legitimate claim to Plaintiff's home.

52.     Defendants have no legitimate claim to Plaintiff's home, and justice requires that the Mortgage be discharged and the Note be satisfied as to ROBERT D. PETHERBRIDGE, because the documents were created through fraud and forgery.

## COUNT V
## UNJUST ENRICHMENT

53.     Plaintiff realleges and incorporates by reference all the above paragraphs.

54.     Defendant has obtained title to Plaintiff's home through fraud, forgery and unjust methods.

55.     If Defendant is allowed to take Plaintiff's home without making any payment to PLAINTIFF then Defendant will be unjustly enriched.

7

## COUNT VI
## FAIR DEBT COLLECTION PRACTICES ACT

56.    Plaintiff realleges and incorporates by reference all of the above paragraphs.

57.    In attempting to collect the alleged debt from Plaintiff, Defendant has committed violations of the Fair Debt Collection Practices Act, 15 USC 1692 et seq., including, but not limited to, the following:

a)  Failing to cease communication as required after notice from the Plaintiff.  15 USC 1962c(c).

b)  Failing to cease communication as required after notice from the Plaintiff.  15 USC 1962c(c).

c)  Communicating with the Plaintiff, knowing the Plaintiff was represented by an attorney.  15 USC 1692c(a)(2).

## COUNT VII
## MICHIGAN COLLECTION PRACTICES ACT

58.    Plaintiff realleges and incorporates by reference all of the above paragraphs.

59.    Defendant ORLANS is a collection agency collecting an alleged consumer debt, and is covered by the Michigan Collection Practices Act (MCPA), MCLA 339.911, et seq.

60.    In its attempts to collect the alleged debt, Defendant committed acts prohibited by the MCPA, including, but not limited to the following (subsection references are to MCLA 339.915, unless otherwise noted):

8

    a.     Communicating with a debtor, other than through billing procedures, after being informed that the debtor is represented by an attorney.  Subsection (h).

    61.    Defendant ORLANS is a regulated person collecting an alleged consumer debt, and is covered by the Michigan Collection Practices Act, MCLA 445.251, et seq.

    62.    Plaintiff has suffered injury, loss and damage as the result of Defendant's failure to respect Plaintiff's rights and the privacy interests and expectations protected by the Michigan Act.

    63.    Defendant's violation of the Michigan Act was willful, giving rise to treble damages.

    WHEREFORE, Plaintiff ROBERT D. PETHERBRIDGE respectfully requests that this Court grant the following relief in favor of Plaintiff, and against Defendants:

A.  ENTER a Preliminary Injunction to enjoin Defendant from proceeding with a Sheriff Sale scheduled for August 10, 2010 regarding Plaintiff's Home at 5219 Bronco Drive, Clarkston, Michigan;

B.  ENTER a Temporary Restraining Order restraining Defendants, their agents and assigns, from holding a Sheriff Sale or foreclosure sale regarding Plaintiff's Home at 5219 Bronco Drive, Clarkston, Michigan, during the pendency of this action or Enter an order setting aside the Sheriff's Sale, if it has already occurred;

C.  ENTER a Order to Show Cause, ordering Defendants to show cause why an injunction should not issue prohibiting Defendants from pursuing a foreclosure regarding Plaintiff's Home at 5219 Bronco Drive, Clarkston, Michigan during the pendency of this action;

D.  ENTER an order permanently enjoining and/or setting aside the Sheriff's Sale set for August 10, 2010.

E.  ENTER a Judgment discharging the Mortgage recorded in Liber 36253 Page 699-710 of the Oakland County Records, Michigan on Plaintiff's property because the mortgage was a forgery;

F.  ENTER an Order declaring that the Mortgage and Note recorded purportedly signed by Plaintiff on August 8, 2005 is a forgery and not enforceable against ROBERT D. PETHERBRIDGE;

G.  ENTER an order discharging the mortgage lien on Plaintiff's property.

H.  ENTER a Judgment against ORLANS ASSOCIATES, P.C. for statutory damages, costs, and reasonable attorneys' fees pursuant to 15 USC 1692k along with  statutory damages pursuant to Michigan Collection Practices Act; and Treble damages for willful violations, plus costs and reasonable attorneys' fees pursuant to the Michigan Collection Practices Act;

I.  Award to the Plaintiffs actual damages, incidental and consequential damages, costs, attorneys' fees, and such other relief as the Court may find just and proper.

Respectfully Submitted,

JOHN R. SCHULTE, P66357
UAW-GM Legal Services Plan
91 N. Saginaw, Suite 204
Pontiac, Michigan 48342
(248) 858-5850

Dated:  8/4/2010

10

**VERIFICATION OF COMPLAINT**

STATE OF MICHIGAN

COUNTY OF OAKLAND

I, ROBERT D. PETHERBRIDGE, being duly sworn, do verify that the allegations contained in this Verified Complaint are true to the best of my knowledge, information and belief.

*Robert D. Petherbridge*

Robert D. Petherbridge

    On this **4th** day of August, 2010, before me a notary public personally appeared above named Plaintiff, Robert D. Petherbridge, and oath that he has read the Verified Complaint and Ex Parte Motion for Temporary Restraining Order by him subscribed and known the content thereof, and that the same is true to his own knowledge, information and belief, except as to those matters which is upon his information and belief, and as to those matter he believe them to be true.

KIMBERLY S. LENTZ
NOTARY PUBLIC, STATE OF MI
COUNTY OF LIVINGSTON
MY COMMISSION EXPIRES Aug 22, 2012
ACTING IN COUNTY OF

KIMBERLY S. LENTZ
Notary Public, State of Michigan,
County of Livingston
Acting in Oakland County
My commission expires: 08/22/2012

11

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | OAKLAND<br>COUNTY 10-112328-CH |
|---|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>SIXTH JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | JUDGE RAE LEE CHABOT<br>PETHERBRIDGE, v CITIFINANCIAL |
|---|---|---|

**Court address**
1200 N.Telegraph Road, Pontiac, Michigan

Court telephone no.

| Plaintiff's name(s), address(es), and telephone no(s).<br>ROBERT D. PETHERBRIDGE<br>5219 Bronco Drive<br>Clarkston, Michigan | v | Defendant's name(s), address(es), and telephone no(s).<br>ORLANS ASSOCIATES, P.C.<br>P.O. Box 5041<br>Troy, Michigan 48007 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
JOHN R. SCHULTE P66357
UAW LEGAL SERVICES PLAN
91 N. Saginaw, Suite 204
Pontiac, Michigan 48342

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>AUG 0 4 2010 | This summons expires<br>NOV 0 3 2010 | Court clerk<br>RUTH JOHNSON |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**   Instruction: *The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Clarkston, Michigan | Defendant(s) residence (include city, township, or village)<br>Troy, Michigan |
|---|---|

Place where action arose or business conducted
Clarkston, Michigan

| 8-4-2010 | | p66357 |
|---|---|---|
| Date | Signature of attorney/plaintiff | |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| Approved, SCAO | Original - Court<br>1st copy - Defendant | |
|---|---|---|

| | | OAKLAND COUNTY 10-112328-CH |
|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>SIXTH JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | 10-<br>JUDGE RAE LEE CHABOT<br>PETHERBRIDGE, v CITIFINANCIAL |

**Court address**  
1200 N.Telegraph Road, Pontiac, Michigan

Court telephone no.

| Plaintiff's name(s), address(es), and telephone no(s).<br>ROBERT D. PETHERBRIDGE<br>5219 Bronco Drive<br>Clarkston, Michigan | v | Defendant's name(s), address(es), and telephone no(s).<br>CITIMORTGAGE COMPANY, INC.<br>518 N. Telegraph<br>Pontiac, Michigan 48342 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>JOHN R. SCHULTE P66357<br>UAW LEGAL SERVICES PLAN<br>91 N. Saginaw, Suite 204<br>Pontiac, Michigan 48342 | | |

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>AUG 0 4 2010 | This summons expires<br>NOV 0 3 2010 | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
- ☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
- ☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
- ☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
- ☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Clarkston, Michigan | Defendant(s) residence (include city, township, or village)<br>Pontiac, Michigan |
|---|---|
| Place where action arose or business conducted<br>Clarkston, Michigan | |

| Date<br>8-4-2010 | Signature of attorney/plaintiff<br>P66357 |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>SIXTH JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT |  |

OAKLAND COUNTY
10-112328-CH

JUDGE RAE LEE CHABOT
PETHERBRIDGE,  v  CITIFINANCIAL

Court address
1200 N.Telegraph Road, Pontiac, Michigan

Plaintiff's name(s), address(es), and telephone no(s).

ROBERT D. PETHERBRIDGE
5219 Bronco Drive
Clarkston, Michigan

v

Defendant's name(s), address(es), and telephone no(s).

MORTGAGE ELCTRONIC REGSTRATION SYSTEMS
1818 Library Street, Suite 300
Reston, VA 20190

Plaintiff's attorney, bar no., address, and telephone no.

JOHN R. SCHULTE P66357
UAW LEGAL SERVICES PLAN
91 N. Saginaw, Suite 204
Pontiac, Michigan 48342

**SUMMONS**   NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>AUG 04 2010 | This summons expires<br>NOV 03 2010 | Court clerk |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action  ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**General Civil Cases**

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action  ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Clarkston, Michigan | Defendant(s) residence (include city, township, or village)<br>Pontiac, Michigan |

Place where action arose or business conducted
Clarkston, Michigan

| Date<br>8-4-2010 | Signature of attorney/plaintiff                     P66357 |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

# NOTICE OF MANDATORY EFILING

OAKLAND COUNTY 10-112328-CH

JUDGE RAE LEE CHABOT
PETHERBRIDGE, v CITIFINANCIAL

- Your case has been assigned to the mandatory efiling pilot project, based on the judge assignment for this case [Administrative Order (AO) 2007-3 and AO 2010-3 – www.oakgov.com/clerkrod/efiling]

- Plaintiff is responsible for serving a copy of this notice with the Summons and Complaint on all opposing parties.

- All future filings must be made through the Wiznet E-File & Serve application. You may access efiling at www.oakgov.com/clerkrod/efiling.

- Before you may efile a document with the Court, you must register a firm and user, through Wiznet E-File & Serve.

- Trainings on E-File & Serve are offered at the Oakland County Courthouse, as well as online. Times and dates of in-person trainings are located at www.oakgov.com/clerkrod/efiling. To obtain on-line or teleconference training through Wiznet or for technical support, please contact Wiznet at 800 297-5377 or support@wiznet.com. If you have further questions regarding efiling, contact the Clerk's Office at 248 858-0581.

- Judges issue opinions and orders electronically. All filers must register as a Service Contact through Wiznet. If you fail to register, you will not receive copies of orders issued by the Court. Neither the Court nor the County Clerk provide free copies of opinions, orders, or other electronically filed documents to an attorney or party who fails to properly register with the E-File & Serve application. An attorney or party who failed to properly register for efiling may obtain copies of documents from the County Clerk at a cost of $1.00 per page.